IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**ROBERT LEE LEGG, JR.,**
**IAN MICHAEL CRAMER, and**
**SHANE STEPHEN HOLBROOK,**

     **Plaintiffs,**

v.                                                                          Case No. 2:16-cv-10546

**SOUTH CENTRAL REGIONAL JAIL,**
**SARGEANT JEROD TERRY,**
**CORPORAL RYAN WEB, OFFICER HICKS,**
**and AMINISTRATOR ANTHONY LEONARD,**

     **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

    **A.**    **Dismissal of Cramer and Holbrook as plaintiffs herein.**

The instant Complaint was filed on November 4, 2016, by the proposed plaintiffs, who, at that time, were incarcerated at the South Central Regional Jail ("SCRJ") in Charleston, West Virginia. However, the Complaint, which was not signed, appears to only contain allegations pertaining to Robert Lee Legg, Jr. ("Legg"), and Legg is the only plaintiff who submitted an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). Although the United States Court of Appeals for the Fourth Circuit has not explicitly prohibited prisoners from joining together as pro se plaintiffs in a single civil

action brought under 42 U.S.C. § 1983, a number of other courts have determined that the Prison Litigation Reform Act ("PLRA") prohibits such joinder. *See, e.g., Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (the PLRA requirement of a separate filing fee for each prisoner prevents prisoners from joining claims under Rule 20 of the Federal Rules of Civil Procedure); *Griffin v. Nettles*, No. 4:18-cv-02469-RBH-TER, 2018 WL 4701293 (D.S.C. Nov. 22, 2013) (collecting cases); *Galeas v. United States*, No. 5:14-cv-3225-F, 2015 WL 1433547, at *1 (E.D.N.C. Mar. 27, 2015); *Fleming v. Francis*, No. 5:13-cv-21991, 2014 WL 2589755, at *1 n.1 (S.D.W. Va. June 10, 2014) ("The undersigned finds that multiple prisoner plaintiffs may not proceed in forma pauperis in the same civil action.")

Accordingly, based upon this authority and the fact that the Complaint contains no allegations related to Ian Michael Cramer and Shane Stephen Holbrook, the undersigned proposes that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Ian Michael Cramer and Shane Stephen Holbrook as plaintiffs in this matter.

**B.     Dismissal of Legg's Complaint for failure to state a claim and failure to prosecute.**

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis*, and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. In the instant case, both statutes are applicable.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79. Legg's Complaint is subject to dismissal for several reasons.

3

1. The SCRJ is not a suable entity.

First, to the extent that Legg has named the South Central Regional Jail ("SCRJ") as a defendant, the SCRJ is just a facility operated by the West Virginia Division of Corrections and Rehabilitation (formerly the West Virginia Regional Jail and Correctional Facility Authority), which is a state agency that is not a "person" under section 1983 and is immune from suit under the Eleventh Amendment.

Section 1983 of Title 42 of the United States Code provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a <u>person</u> acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own

4

state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the SCRJ is not a person who can be sued under 42 U.S.C. § 1983 and is further immune from suit in federal court under the Eleventh Amendment.

        2.    The Complaint contains no allegations against Leonard.

Additionally, the plaintiff names Anthony Leonard, the former Administrator of the SCRJ, and several other SCRJ correctional staff, as defendants. However, the Complaint contains no specific allegations concerning any conduct by Leonard. Thus, it appears that Legg seeks to hold Leonard liable simply on the basis of *respondeat superior*, which is impermissible under section 1983. Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior* and must allege that each defendant's own individual actions violated the Constitution. *Iqbal*, 556 U.S. at 675-76; *see also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

        3.    The Complaint fails to state a plausible claim against any of the other defendants.

Furthermore, Legg's Complaint principally concerns his placement in administrative segregation at the SCRJ, allegedly without due process, and the general conditions of confinement therein. The Due Process Clause of the Fourteenth

5

Amendment of the United States Constitution prohibits a State from depriving "any person of life, liberty, or property, without due process of law." However, as a result of his conviction and imprisonment, a prisoner's protected liberty interests are significantly reduced. As noted by the Supreme Court in *Sandin v. Conner*, "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner" and "the Due Process Clause did not itself create a liberty interest to be free from intrastate prison transfers." 515 U.S. 472, 478 (1995) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). In the prison context, a liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

In *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997), the United States Court of Appeals for the Fourth Circuit reiterated that, "[i]n order to prevail on either a procedural or substantive due process claim, inmates must first demonstrate that they were deprived of life, liberty, or property" by governmental action. Under the reasoning in *Sandin*, the *Beverati* Court further held that neither the fact that an inmate was placed in administrative segregation, nor the general conditions therein, resulted in confinement that is atypical or posed a significant hardship on the inmate vis-a-vis ordinary prison life, so as to give rise to a liberty interest protected by the Due Process Clause. *Id.* at 502-504.

Following the reasoning in *Sandin*, the undersigned finds no liberty interest implicated by Legg's placement in administrative segregation, as it is not atypical for inmates to be placed in administrative segregation for any number of reasons. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Beverati v. Smith*, 120 F.3d at 502-04 ("confinement to administrative segregation does not implicate a liberty interest"); s*ee also Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976) (a

6

prisoner has no liberty interest in being housed in any particular prison facility and no right to notice and an opportunity to be heard prior to such reassignment).

Additionally, in *Beverati*, *supra*, the Fourth Circuit held that Maryland inmates in administrative segregation who claimed to be surrounded by vermin, human filth and water from leaking toilets, denied air conditioning, served cold food in meager portions, denied outdoor recreation, and given no educational or religious services, had failed to meet the *Sandin* standard.

> Accepting Inmates' version of the conditions in administrative segregation, as we must for purposes of review of the grant of summary judgment [to defendants], we conclude that although the conditions were more burdensome than those imposed on the general prison population, they were not so atypical that exposure to them for six months imposed a significant hardship in relation to the ordinary incidents of prison life.
>
> In sum, we conclude that viewing the conditions of confinement in administrative segregation that are alleged by Inmates in the light most favorable to them, the conditions do not implicate a liberty interest. And, because they possessed no liberty interest in avoiding confinement in administrative segregation, the district court properly granted summary judgment in favor of prison officials on Inmates' procedural and substantive due process claims.

500 F.3d at 504. While the Supreme Court subsequently ruled in *Wilkinson v. Austin*, 545 U.S. 209 (2005), that the "totality of circumstances" to which inmates were subjected in the Ohio "super maximum" prison (prohibition of almost all human contact including cell-to-cell conversation, 24 hour a day lighting, one hour exercise in a small indoor room, indefinite placement, and disqualification for parole consideration) could be an atypical and significant hardship which creates a liberty interest and its attendant due process requirements, Legg has not alleged that he is subject to such arduous conditions. In fact, his allegations are largely conclusory in nature and fail to state any actionable claim.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Legg's Complaint fails to state a facially plausible claim against the defendants.

Upon amendment, Legg might be able to properly assert a claim under the Eighth or Fourteenth Amendment concerning the use of pepper spray and physical force against him by Corporal Webb and/or Sergeant Terry.[1] However, the Complaint, as presently pled, is insufficient under *Iqbal* and *Twombly*.

A search of the online inmate locators of the West Virginia Division of Corrections and Rehabilitation (including that of the West Virginia Regional Jails), indicates that Legg is no longer incarcerated in any West Virginia correctional facility. He has not provided an updated address and there is no available information concerning his present whereabouts. No further activity has occurred in this matter since Legg filed the Complaint.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v.*

---

[1] The Complaint contains no specific allegations about the conduct of defendant Hicks.

*Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The defendants have not been served with process and it appears that Legg may no longer wish to pursue this matter. Thus, it appears that a dismissal without prejudice is the appropriate action to be taken. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, **WITHOUT PREJUDICE**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and **DENY AS MOOT** Legg's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at his last known address.

April 5, 2019

Dwane L. Tinsley
United States Magistrate Judge